ELMER R. JOHNSON and JANICE A. JOHNSON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent.
Johnson v. Commissioner
Docket No. 5193-72.
United States Tax Court
T.C. Memo 1973-171; 1973 Tax Ct. Memo LEXIS 116; 32 T.C.M. (CCH) 818; T.C.M. (RIA) 73171; August 6, 1973, Filed Donald D. Lamp, for the petitioners. Charles L. Eppright, for the respondent. SCOTT
MEMORANDUM FINDINGS OF FACT AND OPINION SCOTT, Judge: Respondent determined deficiencies in petitioner's income taxes for the calendar years 1968 and 1969 in the amounts of $402.69 and $449.19. The only issue for decision is whether Elmer R. Johnson is entitled in each of the years here in issue to a dependency exemption deduction for all or any of his three daughters by a former marriage 2 FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. Petitioners, husband and wife, resided in Spokane, Washington at the time *118 of the filing of the petition in this case. They filed their Federal income tax returns for the calendar years 1968 and 1969 with the district director of internal revenue for the district of Washington. Elmer R. Johnson (hereinafter referred to as petitioner) and Geraldine M. Johnson (now Geraldine M. Murphy) were married in 1954. Three children, Marcella, Lorna, and Jenifer, were born of this marriage. In 1963 Geraldine M. Johnson (hereinafter referred to as Geraldine) obtained a decree of separate maintenance in the Superior Court of Spokane County, Washington, and on April 6, 1967, that court entered its decree of divorce of petitioner and Geraldine. The decree of divorce provided that Geraldine have custody of the three daughters of the couple and that petitioner pay her $150 per month support for the three children. The $150 per month represented $50 per month support for each child. 3 In the latter part of 1967 Geraldine married Kenneth E. Murphy (hereinafter referred to as Murphy). He had two children. During the years 1968 and 1969 Geraldine, Murphy and the five children lived in a 4-bedroom home in Seattle, Washington which they rented for $80 a month *119 in 1968 and $90 per month in 1969. In addition to the rent Murphy and Geraldine paid the utilities including heat, electricity, water, garbage collection, and telephone. The house was rented unfurnished and was furnished with items owned by Murphy and Geraldine. Murphy and Geraldine owned two automobiles. They were both employed and each drove one of the automobiles to work. The automobiles were also used to take the children school and to various activities in which they engaged. The three Johnson girls and one of Murphy's children attended private schools and their tuition and books were paid for by Murphy and Geraldine. Geraldine's three daughters participated in Girl Scouts and the school drill team and the expenses incidental to this participation were paid by Murphy and Geraldine. The medical expenses and clothing for all of the children were paid by Murphy and Geraldine, and the groceries consumed by the family when they were at home and for lunches prepared for all seven members of the family were supplied 4 by Murphy and Geraldine. During each of the years 1968 and 1969 Murphy, Geraldine, and the five children took a family vacation by automobile. During *120 each of the years 1968 and 1969 petitioner paid to Geraldine $1,800 for the support of their three daughters. In 1968 Murphy's total wages were $7,125.70 and Geraldine's, $5,047.87. In addition to these wages less income and social security taxes withheld, Murphy and Geraldine had interest income of $24.46 and a tax refund of $666.59. They also had in a savings account at the beginning of that year approximately $500 and withdrew all of it during the year 1968 except about $60. They therefore had available, including the support payments for the Johnson girls, cash for all of their personal and their family expenses in 1968 of slightly over $12,500. In 1969 Murphy had wages of $7,132.62, and Geraldine, $7,002.29. In this year also they had a refund of withheld taxes and some bank interest. The total cash they had available during 1969, including the support payments received by Geraldine, for all expenses of themselves and the family after deduction for income and social security taxes withheld was $13,305.63. During 1969 they added 5 approximately $700 to their savings account, the total in that account at the end of 1969 being $768.18 as compared to approximately $60 *121 at the beginning of the year. During the year 1969 the total cost of support of each of the three Johnson girls was not less than $1,250 and during 1969 the total cost of support of each of them was not less than $1,300. ULTIMATE FINDING OF FACT The record clearly establishes that Murphy and Geraldine provided more than one-half of the support of each of the daughters of petitioner and Geraldine during each of the calendar years 1968 and 1969. OPINION Section 151, I.R.C. 1954, [1] applicable to the years 1968 and 1969, provided for deduction, in computing taxable income, of an exemption of $600 for each of a taxpayer's dependents as defined in section 152. Section 152(a) includes in the term "dependent" a daughter of a taypayer over half of whose support for the calendar year is received from that taxpayer. In the case of parents who are divorced or legally separated under a decree of divorce or separate maintenance, section 152(e) (1) provides that if the child receives over half of his support 6 during the calendar year from his parents and is in the custody of one or both of the parents for more than half of the calendar year, he shall be treated as receiving over *122 half of his support during the calendar year from the parent having custody the greater portion of the year unless he is treated under section 152(e) (2) as receiving over half of his support from the other parent. Section 152(e) (2) (B)[2] provides that the children of divorced parents described in paragraph 1 shall be treated as having received over half of their support during the calendar 7 year from the parent not having custody if such parent provides at least $12,00 for the support of such children, unless the parent having custody of such children clearly establishes that he provided more for the support of the children during the calendar year than the parent not having custody. [3]
*123 Since petitioner provided $1,800 for the support of his daughters during each of the years here in issue, he would be entitled to be treated as having contributed over one-half of their support and therefore would be entitled to the deduction of a dependency exemption for each child had not respondent clearly established from the testimony of Geraldine the parent having custody, that each of the children did receive more than one-half of her support from Geraldine. Geraldine kept meticulously accurate records of all of the family expenses during each of the years 1968 and 1969. Most of the items of family expenses as listed by Geraldine were supported by checks or receipts. If all of these family expenses which were clearly supported by the evidence in this case, other than the school tuition and books of the children who attended private school and the family clothing bill, were equally divided, and the amount spent for each of 8 the Johnson girls' tuition and books plus one-fifth of the clothing budget in 1968 and a little less than one-fifth of the family clothing budget in 1969 added to this total, the result would be that the cost of support of each of the Johnson girls *124 was $1,367.19 in 1968 and $1,486.50 in 1969. In arriving at these figures the total amount spent for each of the Johnson girls for clothing in 1968 was estimated by Geraldine to be $104.64 and in 1969, $113.55. The estimate in 1968 was arrived at by dividing the total amount spent for clothing for the entire family by five and allocating one-fifth to each of Geraldine's three daughters. Geraldine testified that neither she nor her husband bought any new clothing in 1968. In 1969 the amount of $113.55 expended per child for clothing was arrived at by deducting $50.20 from the total family clothing budget as the amount spent by Murphy and Geraldine and dividing the remainder by five and allocating the resulting amount as the clothing expenditure for each of Murphy's two children and each of Geraldine's daughters. From the testimony as a whole we conclude that the family expenses were generally properly allocable in equal portions to each of the seven members of the family. There are certain items which perhaps should have been 9 allocated to Murphy and Geraldine prior to an equal division and certainly some small portion of the clothing items must have been for the benefit *125 of Murphy and Geraldine in 1968 since Geraldine testified that she did purchase such minor items as hose. However, after consideration of Geraldine's testimony and all the other evidence of record we have concluded that with the most liberal adjustment for items not properly allocable in equal proportion to Geraldine's three children, the evidence clearly establishes that the cost of support of each of Geraldine's daughters in 1968 was at least $1,250 and in 1969 at least $1,300. The evidence clearly establishes that Murphy and Geraldine contributed over one-half of the support of each of Geraldine's daughters in the years here in issue. Therefore, the $1,800 paid for support of these children by petitioner is not to be considered as being over one-half of their support under the provisions of section 152(e) (2). Decision will be entered for respondent. Footnotes
1. All references are to the Internal Revenue Code of 1954. ↩
2. Sec. 152(e) (2), I.R.C. 1954, provides as follows: (2) Special rule. - The child of parents described in paragraph (1) shall be treated as having received over half of his support during the calendar year from the parent not having custody if - (A) (i) the decreee of divorce or of separate maintenance, or a written agreement between the parents applicable to the taxable year beginning in such calendar year, provides that the parent not having custody shall be entitled to any deduction allowable under section 151 for such child, and (ii) such parent not having custody provides at least $600 for the support of such child during the calendar year, or (B) (i) the parent not having custody provides $1,200 or more for the support of such child (or if there is more than one such child, $1,200 or more for all of such children) for the calendar year, and (ii) the parent having custody of such child does not clearly establish that he provided more for the support of such child during the calendar year than the parent not having custody. For purposes of this paragraph, amounts expended for the support of a child or children shall be treated as received from the parent not having custody to the extent that such parent provided amounts for such support. ↩
3. Neither the decree of separate maintenance nor the decree of divorce contained a provision with respect to which parent should be entitled to the deductions allowed by Sec. 151, I.R.C. 1954. Therefore, Sec. 152(e) (2) (A)↩ is inapplicable.